# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
# CHARLESTON DIVISION

| | |
|---|---|
| **IN RE ETHICON, INC., PELVIC REPAIR SYSTEM PRODUCTS LIABILITY LITIGATION** | **Master File No. 2:12-MD-02327**<br>**MDL 2327** |
| **THIS DOCUMENT RELATES TO:**<br><br>*Christine Heatherman and Terry Weaver v. Ethicon, Inc. et al.*<br><br>**Case No. 2:12-cv-09245** | **JOSEPH R. GOODWIN**<br>**U.S. DISTRICT JUDGE** |

## DEFENDANTS' MOTION FOR PARTIAL SUMMARY JUDGMENT

Defendants Ethicon, Inc. and Johnson & Johnson (collectively, "Ethicon") file this their Motion for Partial Summary Judgment.

Pursuant to Rule 56 of the Federal Rules of Civil Procedure, Ethicon moves for summary judgment on several of Plaintiffs' claims. In support of this motion, Ethicon states:

1. Ethicon is entitled to summary judgment on Plaintiffs' manufacturing defect claim (Count II) because: (1) Plaintiffs have no summary judgment evidence that the TVT implanted in Ms. Heatherman failed to conform to Ethicon's specifications; and (2) Plaintiffs have not designated any expert on the issue of manufacturing defect and no expert has opined that any possible deviation from any manufacturer's specifications caused an injury to Ms. Heatherman.

2. Ethicon is entitled to judgment as a matter of law with regard to Plaintiffs' breach of warranty claims (Counts XI and XII) because: (1) a three-year statute of limitations applies that is not subject to the discovery rule, and (2) Ethicon made no express warranties on which Ms. Heatherman or her implanting physician relied.

3. Plaintiffs' fraud, fraudulent concealment, constructive fraud, negligent

misrepresentation, breach of express and implied warranty, and violation of consumer protection laws (Counts VI, VII, VIII, IX, XI, XII, and XIII) should be dismissed because the learned intermediary doctrine applies to each of these claims, making them indistinguishable from the failure-to-warn claim that Plaintiffs already assert.

4. Plaintiffs' claim under the Colorado Consumer Protection Act (Count XIII) fails because that act expressly excludes conduct that falls under a statute administered by a federal agency, and TVT is regulated by the FDA.

5. Plaintiffs' unjust enrichment claim (Count XV) should be dismissed because that claim does not sound in contract or quasi-contract, but in tort.

6. Plaintiffs' fraudulent concealment claim (Count VII) fails for the independent reason that Plaintiffs can show no evidence that Ethicon was under a duty to disclose information to Ms. Heatherman.

7. Plaintiffs' constructive fraud claim (Count VIII) fails for the independent reason that there is no fiduciary or special relationship to support that claim.

8. Plaintiffs' "strict liability – defective product" claim (Count IV) is improper and should be dismissed because there is no independent claim under Colorado law for "strict liability – defective product."

9. Ethicon incorporates by reference its Memorandum of Law in Support of Ethicon's Motion for Partial Summary Judgment and the following exhibits, which are attached hereto:

    **Exhibit A:**    **Plaintiffs' Short Form Complaint ("SFC");**

    **Exhibit B:**    **Plaintiff Fact Sheet ("PFS") (redacted pursuant to Fed. R. Civ. P. 5.2).**

    **Exhibit C:**    **Plaintiff Christine Heatherman Dep. Tr. dated June 14, 2017 ("Heatherman Dep.") and Exhibits 12, 15, 24, and 25 thereto**

> **(redacted pursuant to Fed. R. Civ. P. 5.2);**
>
> **Exhibit D:** Dr. Susan Peck Dep. Tr. dated July 27, 2017 ("Peck Dep."); and
>
> **Exhibit E:** Operative Report dated August 13, 2002 (redacted pursuant to Fed. R. Civ. P. 5.2) (Peck. Dep. Ex. 4).

FOR THESE REASONS, and the reasons set forth in Ethicon's Memorandum of Law, Ethicon respectfully requests that the Court grant this Motion for Partial Summary Judgment, enter summary judgment dismissing the foregoing of Plaintiffs' claims, and grant Ethicon any such other and further relief at law or in equity to which it may be justly entitled.

        Respectfully submitted,

        SCOTT DOUGLASS & McCONNICO LLP
        303 Colorado Street, Suite 2400
        Austin, Texas  78701
        (512) 495-6300 – Telephone
        (512) 495-6399 – Fax

        By: */s/ Stephen E. McConnico*
           Stephen E. McConnico
           Texas Bar No. 13450300
           smcconnico@scottdoug.com
           Sara Wilder Clark
           Texas Bar No. 00794847
           sclark@scottdoug.com
           Robyn B. Hargrove
           Texas Bar No. 24031859
           rhargrove@scottdoug.com
           John W. Ellis
           Texas Bar No. 24078473
           jellis@scottdoug.com

BUTLER SNOW LLP
1020 Highland Colony Parkway, Suite 1400
Ridgeland, MS 39157
Telephone: (601) 985-4523
Fax: (601) 985-4500

By: */s/ Christy D. Jones*
　　Christy D. Jones (MS Bar #3912)
　　christy.jones@butlersnow.com

THOMAS COMBS & SPANN PLLC
300 Summers Street, Suite 1380 (25301)
P.O. Box 3824
Charleston, WV 25338
(304) 414-1807

By: */s/ David B. Thomas*
　　David B. Thomas (W. Va. Bar #3731)
　　dthomas@tcspllc.com

**ATTORNEYS FOR DEFENDANTS,
JOHNSON & JOHNSON AND ETHICON, INC.**

## CERTIFICATE OF SERVICE

　　I hereby certify that on October 16, 2017, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system which will send notification of such filing to CM/ECF participants registered to receive service in this MDL.

　　　　　　　　　　　*/s/ Stephen E. McConnico*
　　　　　　　　　　　Stephen E. McConnico